IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3191-D

| | |
|---|---|
| WALTER DUANE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PUSHP K. CLAUDIUS, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

On November 24, 2009, Walter Duane White ("White" or "plaintiff"), a federal inmate incarcerated at the Federal Correctional Institution-II in Butner, North Carolina ("FCI-Butner"), filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915 [D.E. 2, 9]. White names as defendants Pushp K. Claudius, M.D., FCI-Butner Health Service Administrator Freddie Gorrido, Associate Warden Samuel L. Batts, and Warden D.R. Stephens. Compl. 2–3. On April 6, 2010, the court allowed White to amend his complaint and allowed the action to proceed, but denied White's motion to appoint counsel and motion for preliminary injunction [D.E. 14]. White appealed the court's April 6, 2010 order, and on October 21, 2010, the Fourth Circuit Court of Appeals dismissed the appeal. White v. Claudius, No. 10-6585, 2010 WL 4127399, at *1 (4th Cir. Oct. 21, 2010) (per curiam) (unpublished).

On April 16, 2010, White filed a second motion for preliminary injunction [D.E. 19]. All defendants were served between April 23 and April 29, 2010 [D.E. 24, 26]. On June 24, 2010, White filed a motion for entry of default [D.E. 25]. On June 28, 2010, defendants moved to dismiss or, in the alternative, for summary judgment [D.E. 27]. On June 29, 2010, the court notified White

about the motion to dismiss or for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 29]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 10, 2010, White filed a second motion to amend his complaint [D.E. 33], a motion for leave to file a brief in opposition to the motion to dismiss or for summary judgment in excess of 26 pages [D.E. 35], an affidavit [D.E. 36], a response in opposition to the motion to dismiss or for summary judgment [D.E. 37], a set of interrogatories [D.E. 38], and a motion to appoint counsel [D.E. 39]. On August 18, 2010, defendants filed a motion to stay discovery [D.E. 40]. On September 2, 2010, White responded in opposition to the motion to stay discovery [D.E. 41] and filed an affidavit [D.E. 42] and a statement of disputed factual issues [D.E. 43]. On September 8, 2010, White filed a motion to compel discovery [D.E. 44]. As explained below, defendants' motion to dismiss [D.E. 27] is granted, defendants' motion to stay discovery [D.E. 40] is denied as moot, plaintiff's motion for leave to file a brief with excess pages [D.E. 35] is granted, and plaintiff's remaining motions [D.E. 19, 25, 33, 39, 44] are denied.

I.

White alleges that defendants have exercised deliberate indifference to his serious medical needs, including Hepatitis C, rheumatoid arthritis, and other joint diseases. Compl. at 3–4; Am. Compl. at 2. Additionally, White alleges that defendants have violated his Fifth Amendment due process rights by failing to timely respond to his grievances. Am. Compl. at 2–5. White's proposed second amended complaint seeks "to include exhausted Administrative Remedy #560230 and Tort Claim Number TRT-MXR-2010-00732 against the United States" as well as to clarify that "[t]he United States is sued in its official capacity and all other defendants are sued in their individual capacities . . . ." Mot. Amend at 1.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

2

Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Defendants seek dismissal of White's claims for failure to exhaust administrative remedies. Mem. Supp. Mot. Dismiss at 2–16. Failure to exhaust is an affirmative defense that defendants must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Defendants have submitted evidence indicating that White has filed numerous grievances while incarcerated at Butner, but has not exhausted his administrative remedies regarding his claims in this action. Cox Decl. ¶¶ 5–7 & Att. 2 (BOP grievance report).

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §

3

1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Bureau of Prisons ("BOP") provides a four-step, sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15.

> First, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP-9 form. The BP-8 and BP-9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP-10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP-11 form.

Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).

White arrived at FCI-Butner on August 25, 2009. Mem. Supp. Mot. Dismiss at 12 n.2; Mem. Opp. Mot. Dismiss at 7. White has filed three grievances pertaining to his medical treatment for Hepatitis C. Cox Decl. ¶¶ 7–8. Two of the grievances are numbered 462995 and 500554, and relate to White's medical care for Hepatitis C at federal prisons other than FCI-Butner. Id. ¶ 8; see also Mem. Opp. Mot. Dismiss at 6, Atts. 8–11 (copies of grievance numbers 462995 and 500554, alleging inappropriate medical care at FCI-Gilmer and FCI-Canaan). White filed these two grievances before his transfer to FCI-Butner. Id. However, the defendants named in this action are employed at FCI-

4

Butner, and thus grievance numbers 462995 and 500554 do not apply to them. As for White's third grievance, it relates to his medical care for Hepatitis C at FCI-Butner. Cox Decl. ¶ 7; Mem. Opp. Mot. Dismiss at 6, Atts. 13–15 (administrative appeal and response in grievance number 560230). White exhausted grievance number 560230 after filing this action. Mem. Supp. Mot. Dismiss at 12; Compl. at 1 ("When remedy #560230 is exhausted [plaintiff] will immediately notify the court and file an amended complaint.").

As for the medical care that White received at FCI-Butner for his rheumatoid arthritis and other joint conditions, White filed grievance number 558358. Mem. Supp. Mot. Dismiss at 13; Am. Compl. at 2. The Central Office did not rule on White's BP-11 appeal in grievance number 558358 until December 12, 2009, which was after White filed this action.

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See 42 U.S.C. § 1997e(a). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003) (collecting cases); see, e.g., Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (noting that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Rippy v. North Carolina, No. 5:08-CT-3006-H, [D.E. 29] slip op. at 4 (E.D.N.C. May 14, 2009) (unpublished) (dismissing complaint "[b]ecause plaintiff was in the process of exhausting his administrative remedies when he filed th[e] action"), aff'd, 341 F. App'x. 898 (4th Cir. 2009) (per curiam) (unpublished). Otherwise, "permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a)." Johnson, 340 F.3d at 627–28. White failed to exhaust his administrative remedies concerning his treatment for Hepatitis C and rheumatoid arthritis and other joint conditions at FCI-Butner before filing suit. Accordingly,

5

the court grants defendants' motion to dismiss White's Bivens claims without prejudice under 42 U.S.C. § 1997e(a).

White also seeks to amend his complaint to add a claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Mot. Amend at 1. A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). White's FTCA claim suffers from the same procedural defect as his other claims: failure to exhaust before filing suit. See Mem. Opp. Mot. Dismiss, Att. 7 (4/27/10 letter denying plaintiff's Administrative Tort Claim Number TRT-MXR-2010-00732); 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112–13 (1993). Accordingly, the court denies the motion to amend as futile.

Next, the court addresses White's motion for a preliminary injunction. "Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a clear showing that, among other things, it is likely to succeed on the merits at trial." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010). A court may grant a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); see Fed. R. Civ. P. 65(b)(1)(A). In Real Truth About Obama, Inc., the Fourth Circuit acknowledged that the Supreme Court "rejected a standard that allowed the

6

plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Real Truth About Obama, Inc., 575 F.3d at 346 (quoting Winter, 129 S. Ct. at 375–76).

White has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, White has failed to meet his burden of proof. Accordingly, White's motion for a preliminary injunction [D.E. 19] is denied.

Next, the court addresses White's motion for entry of default [D.E. 25]. In support of his motion, White contends that defendants were required to answer the complaint or otherwise respond on or before June 22, 2010, and failed to file their motion to dismiss until June 28, 2010.

Defendants filed their motion to dismiss within four days of White's motion for entry of default, and have asserted a meritorious defense. Moreover, White has suffered no prejudice. Furthermore, public policy strongly prefers that courts decide cases on the merits. Accordingly, the court denies White's motion for entry of default. See, e.g., Colleton Prep. Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417–21 (4th Cir. 2010).

Finally, White asks the court to appoint counsel [D.E. 39]. White alleges that his "multiple medical conditions . . . . prevent[] [him] from properly presenting the case before the court." Mot. Appoint Counsel at 1. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and White's

7

abilities do not present exceptional circumstances. Accordingly, White's motion for the appointment of counsel [D.E. 39] is denied.

II.

For the reasons stated, the court GRANTS defendants' motion to dismiss [D.E. 27] and plaintiff's motion for leave to file a brief with excess pages [D.E. 35]. The court DENIES AS MOOT defendants' motion to stay discovery [D.E. 40] and plaintiff's motion to compel [D.E. 44]. The court DENIES plaintiff's remaining motions [D.E. 19, 25, 33, 39]. The action is DISMISSED without prejudice.

SO ORDERED. This _3_ day of February 2011.

JAMES C. DEVER III
United States District Judge